UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROMELLA J. ARNOLD )<br>    Plaintiff, )<br>        v. )<br>)<br>GALE NORTON, DEPARTMENT )<br>OF THE INTERIOR, )<br>)<br>    Defendant. ) | Civil Action No. 05-CV-01475 (RWR) |

**ANSWER TO COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(a)(3), Defendant Gale Norton, Secretary hereby answers the complaint in this case.

First Defense

The complaint fails to state a claim upon which relief can be granted.

Second Defense

Plaintiff has failed to exhaust her administrative remedies.

Third Defense

Plaintiff failed to timely make initial contact with the EEOC.

Fourth Defense

Defendant answers the complaint using the same numeration, as follows:

I. Jurisdiction and Venue

1. This paragraph is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

2. This paragraph is a conclusion of law to which no response is required, but to the

extent that one is required, the statement is denied.

II. Parties

    3. Admit the first sentence and deny the second sentence.

    4. Admit the first sentence. Second sentence: admit the Gale Norton is being sued in her official capacity, otherwise the sentence is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.

III.    Nature of Case: Claim

    5. This paragraph is plaintiff's statement of the nature of her claim to which no response is required, but to the extent that one is required, the statement is denied.

    6. Deny.

IV.    Exhaustion of Administrative Remedies

    7. Sentence one, deny. Sentence two, admit.

    8. Admit that plaintiff timely filed a formal administrative complaint of discrimination in LLM-04-002, but deny the remainder.

    9. Deny.

    10. Admit.

    11. Admit.

    12. Sentence one, admit. Sentence two, deny.

V.    Factual Allegations

    13. Admit the first and second sentences but deny the third, fourth and fifth sentences.

    14. Admit the first, second, third, and fourth sentences, but deny the fifth sentence.

    15. First sentence, deny. Second sentence, defendant lacks sufficient information to

admit or deny the second sentence. Third sentence, admit. Fourth sentence, the report is the evidence of its contents. Fifth sentence, admit. Sixth and seventh sentences, the transcript and article are the best evidence of their contents. Eighth, tenth and eleventh sentences, defendant at this time has insufficient information to admit or deny and therefore denies. Ninth sentence, deny. Sentences 12-14, deny.

VI. Count One

Deny the unnumbered paragraph between paragraph numbers 15 and 16.

16. Deny.

17. Admit the first sentence. Admit that the partnership initiative was entered into to address under representation of African Americans in the resource management occupations but deny the remainder of the second sentence. Third sentence, defendant at this time has insufficient information to admit or deny and therefore denies

18. Deny.

19. Admit that on September 19, 2002, in a meeting with plaintiff, Concetta Stewart and Sylvia Felder, Johnson used the term "money laundering" but deny the remainder of the first sentence. Sentences two and three, admit that explanations concerning the Langston partnership were offered.

20. Deny.

21. Deny.

22. Defendant states that no response is required because statements made during settlement and mediation sessions are confidential and are not admissible as evidence; to the extent an answer to this paragraph is deemed to be required, deny.

23. Deny.

24. Admit the first sentence. Second, third, fourth and fifth sentences, deny.

25. Deny.

26. Deny.

27. Admit the function was not transferred, otherwise deny.

28. Deny.

29. Admit the first sentence, otherwise, deny.

30. Admit the first sentence. Defendant lacks sufficient information to admit or deny the second sentence and therefore denies it. Deny the third sentence.

31. Defendant at this time has insufficient information to admit or deny and therefore denies.

32. Deny.

33. Admit that plaintiff was responsible for coordination of the Student Career Experience Program (SCEP) training program, otherwise, deny the remainder of the first sentence. Admit that plaintiff had traveled a few days in advance of the training start date but deny the remainder of the second sentence.

34. Admit.

35. Admit that Plaintiff had to travel to Phoenix on Sunday, June 15, but deny the remainder of the paragraph.

36. Admit that cost was one of the factors for denying the initial travel request, but deny the remainder of the first sentence.

37. Deny.

VII.   Count Two

Deny the unnumbered paragraph between paragraph numbers 37 and 38.

38.   Admit that at the July 30, 2003, meeting Johnson announced her decision to place Michael Brown, GS-14, into the position of NSEEP/HBCU Program Manager position that Plaintiff uttered the words "I'll be damned" or "I'll be g__ damned" but deny the remainder.

39.   Admit the first sentence but deny the second sentence.

40.   Admit.

41.   Admit that plaintiff had never been subject to disciplinary action but deny the remainder.

42.   Deny.

43.   Deny.

VIII.   Count Three

Deny the unnumbered paragraph between paragraph numbers 43 and 44.

44.   Deny.

45.   Admit that Brown, a former government contractor, was hired into federal service, BLM, on December 3, 2000, at the GS-13 level but deny the remainder of the paragraph.

46.   Admit the first and second sentences. Deny the third sentence. Admit that Plaintiff received performance awards and letters of recognition but deny the remainder of the fourth sentence. Deny the fifth sentence.

47.   Deny.

48.   Deny.

49.   Trujillo's directive is the best evidence of its contents; to the extent a response to this

paragraph is deemed to be required, deny.

50. Admit that Melodee Stith, Departmental Director of the Office for Equal Opportunity, wrote to Deputy Assistant Secretary for HR, Michael Trujillo, via E-mail on August 6, 2003, but deny the remainder. Stith's email is the best evidence of its contents.

51. Deny.

52. Deny.

53. Admit the first sentence. Deny the second sentence.

54. Admit.

55. Admit the first sentence, otherwise, deny. The transcript of Stith's testimony is the best evidence of its contents.

56. Deny.

57. Deny.

58. Admit that on or about September 3, 2003, plaintiff was instructed to move offices and that plaintiff had to share an office but deny the remainder of the paragraph.

59. Admit that plaintiff was not permitted to retain her telephone number but deny the remainder of the first sentence. Deny the second sentence.

60. Deny.

IX. Counts One through Three

61-71. Deny.

X. Prayer for Relief

72. The remainder of this section consists of plaintiff's prayer for relief to which no response is necessary, but to the extent one may be deemed required, deny that plaintiff is

entitled to any relief whatsoever.

XI.  Jury Trial

75. This paragraph consists of plaintiff's demand for a jury trial to which no response is necessary, but to the extent one may be deemed required, deny.

In addition, defendant denies each and every allegation of the complaint that is not specifically admitted herein. Defendant further avers that any compensatory damages award on account of Plaintiff's Title VII claims is limited by 42 U.S.C. § 1981a(b)(3)(D), and that compensatory damages may not be awarded under the ADEA. Defendant also avers that Plaintiff is not entitled to a trial by jury on his ADEA claim.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970

Of Counsel
PATRICIA A. ARMSTRONG
U.S. Department of the Interior