UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROMELLA ARNOLD, | ) |
|     Plaintiff, | )<br>)<br>)    CA No. 05-1475 (RWR) |
| v. | )<br>) |
| GALE A. NORTON, | )<br>) |
|     Defendant. | )<br>) |

JOINT REPORT TO THE COURT

The parties hereby submit the following Joint Report to the Court, in accordance with Rule 16, Fed. R. Civ. P.; LCvR 16.3; and the Court's Standing Order for Civil Cases.

**Plaintiff's Statement of the Case:**

Plaintiff Romella Arnold is an African American female, DOB 5/9/52, employed at the Department of Interior, Bureau of Land Management. She alleges discrimination on the basis of race, gender and reprisal under Title VII (disparate treatment and a hostile work environment) and age under the ADEA. Plaintiff contends that she was accused of money laundering by her supervisor, subjected to disciplinary counseling, she was removed from her position, and the position was awarded to a younger male, and she was reassigned to develop a project when she had no experience in the new project and the supervisor has terminated another employee after reassigning that employee to the same project.

**Defendant's Statement of Defenses:**

The plaintiff cannot establish discrimination, retaliation, or hostile work environment in this matter either directly or circumstantially. All actions of the agency have been done for a legitimate non-discriminatory purpose.

Plaintiff's initial contact with an EEO Counselor was on or about August 4, 2003. Therefore, any claims of individual acts of discrimination/retaliation, more than 45 days before (for Title VII), and more than 180 days before (for age discrimination), the date of initial contact with the EEO are barred. Therefore plaintiff's allegations concerning money laundering which allegedly were made in 2002, and the instruction to delete the SERTS computer program in January 2003 are barred.

Plaintiff has failed to allege adverse employment actions since none of the alleged actions adversely affected her grade, pay, or significantly reduced her responsibility.

If plaintiff's supervisor had alleged that plaintiff had engaged in illegal activity, such comments did not affect her grade, salary or benefits. Additionally there was a legitimate reason for the comments concerning money laundering. The new supervisor was questioning and commenting on the possible appearance of, if not actual, impropriety in giving to students through a third party government funds which the agency could not give to them directly.

Similarly, a decision to delete a computer program, a never implemented proposal to have a state office assume management of a program, a simple letter of counseling, a lateral transfer, a move to a smaller office with new telephone number, being given one assignment with a quick turn-around time, and not being allowed to travel to Phoenix, Arizona early for a training program did not affect plaintiff's grade, salary, benefits, or significantly reduce her responsibilities. Additionally, plaintiff was not similarly situated to the individual who was

laterally transferred into a GS 14 position, because plaintiff was not a GS-14.

The activity which plaintiff claims caused retaliation allegedly occurred in 1997 and is not sufficiently close in time to establish a causal link with actions occurring in late 2002 to 2003.

Finally, plaintiff has failed to allege or prove her workplace was permeated with any discriminatory or retaliatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of employment and create an abusive environment.

**Rule 16.3 Statement:**

1.) Resolution By Dispositive Motion: Plaintiff takes the position that this case is unlikely to be resolved on dispositive motion. Defendant believes that the case may be resolved by dispositive motion.

2.) Amendment of Pleadings: Plaintiff seeks thirty days within which to add parties or amend her pleadings. Defendant requests 20 days thereafter in which to respond to any amended pleading.

3.) Assignment to a Magistrate Judge: The parties do not consent to the assignment of this case to a Magistrate Judge for all purposes.

4.) Settlement Possibility: Plaintiff is interested in engaging in efforts to resolve this matter and would prefer early ADR. Defendant is uncertain whether settlement talks would be fruitful at this juncture, but is open to settlement discussions.

5.) ADR: Plaintiff requests mediation of the case. The defendant is amenable to mediation.

6.) Resolution On Summary Judgment: Plaintiff does not believe that this case can properly be resolved on summary judgment. Defendant takes the position that the case may be resolved on summary judgment. Defendant requests that dispositive motions, if not earlier filed, be scheduled to be filed 60 days following the close of discovery; that responses and oppositions be filed 30 days thereafter, and that replies, if any, be filed 15 days thereafter.

7.) Disclosures: The parties stipulate and agree to dispense with initial disclosures.

8.) Extent Of Discovery: Plaintiff requests 180 days for completion of discovery and 25 discovery requests and 5 depositions. Defendant concurs with the request for 180 days in which to complete discovery. Defendant requests for itself the presumptive limits on discovery, that is no more than 25 interrogatories and no more that 10 depositions.

9.) Expert Witnesses: Plaintiff requests that Plaintiff's expert report be due within 90 days of commencement of discovery. Defendant does not object to plaintiff's request and further requests that expert discovery proceed pursuant to the Federal Rules of Civil Procedure.

10.) Class Action Issues: Not relevant.

11.) Bifurcation Of Liability And Damages: The parties do not believe that bifurcation would be useful.

12.) Date for Pretrial Conference: Plaintiff takes no position. Defendant takes the position that a pretrial conference should be scheduled following the conclusion of discovery and the Court's ruling on any dispositive motions filed.

13.) Trial Date: Defendant requests that a firm trial date set at the pre-trial conference.

14.) Other Matters: Counsel for both parties are committed to working cooperatively with one another to take account of scheduling conflicts and other issues that may arise during the course of this case that are not presently foreseen.

**SO AGREED AND STIPULATED**:

_____
DAVID A. BRANCH
Law Office of David A. Branch
1825 Connecticut Avenue, NW
Washington, DC 20009
(202) 785-2805
Counsel For Plaintiff

                        _____
                        KENNETH L. WAINSTEIN D.C. Bar # 451058
                        United States Attorney

                        _____
                        R. CRAIG LAWRENCE, D.C.. BAR #171538
                        Assistant United States Attorney

                        _____
                        RHONDA C. FIELDS
                        Assistant United States Attorney
                        555 Fourth Street, N.W.
                        Washington, D.C. 20530
                        202/514/6970
                        Counsel for Defendant