UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROMELLA ARNOLD,          )
                                    )
           Plaintiff,     )
                                    )     CA No. 05-1475 (RWR)
          v.               )
                                    )
GALE A. NORTON,         )
                                    )
          Defendant.    )
                                    )

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S STATEMENT OF MATERIAL FACTS**

A.  **The Material Facts Submitted by Defendant Should Be Deemed Admitted.**

Local Rule 7.1(h) provides:

Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. **An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exist a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement** . . .  In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

(Emphasis added).   "If the party opposing the motion fails to comply with this local rule, then

'the district court is under no obligation to sift through the record' and should instead . . . deem

as admitted the moving party's Rule [7.1(h)] statement." *Securities and Exch. Comm'n v.*

*Banner Fund Int'l*, 211 F.3d 602, 616 (D.C. Cir. 2000) (internal citations omitted).

1

Plaintiff has failed to file a statement of genuine issues as required by the Local Rule and F.R. Civ. P. 56. Plaintiffs Response to Defendant's Statement of Material Facts (Response) states:

> Plaintiff submits that Defendant's Statement of Material Facts which it contends are not in dispute omits many relevant facts in the record. Plaintiff incorporates her statement of facts, and submits that there are disputed facts which remain for trial.

As is explained in more detail below, plaintiff's Response purports to "dispute" certain of the facts listed in defendants SMF, but in most instances fails to delineate exactly what is disputed and fails to offer citations to the record supporting any purported dispute. Rather, plaintiff offers additional information which does not dispute the defendant's statements and which does not reflect material facts as to which there is a genuine issue.

Plaintiff says that she "incorporates her statement of facts, and submits that there are disputed facts which remain for trial." However the Statement of Facts in plaintiff's memorandum in opposition to defendant's motion for summary judgment, Docket # 23-2 at pp.4-19 is not concise, it is "replete with factual allegations not material to [plaintiff's] substantive claims, and blends factual assertions with legal [and general] argument. . . ." Therefore, it does not satisfy the purposes of a Rule 71(h) statement. *Colbert v. Chao*, 2001 WL 710114, *8 (D.D.C.) *citing Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 153 (D.C. Cir. 1996).

Defendant addresses those facts purportedly disputed by plaintiff using the SMF paragraph numeration:

SMF 2. Plaintiff makes no record citation, and does not dispute the SMF; she merely

offers additional information.

SMF  5.   The only record citation is to plaintiff's Exhibit 2, page 29, which does not dispute defendant's SMF that "By a personnel action effective 3/14/99, plaintiff received a non-competitive accretion of duties promotion from EEO Specialist GS 12 to SCEP Program Manager GS 13.  See Notification of Personnel Action effective date 3/14/99, and Ex. D2c, SCEP Program Manager PD.   The position was neither supervisory nor managerial.  *Id*. at box 11.  Declaration of Dahlene Johnson (D. Johnson Dec.) at ¶ 2."

SMF 8.   The only record citation is to Plaintiff's Exhibit 7 which does not dispute that the "position as HBCU Coordinator was at the GS-14 level.  Ex D2p (National Program Manager, HBCU Position Description).  The position was neither supervisory nor managerial.  *Id*. at box 11."   The only difference between defendant's statement and plaintiff's is that she states that Warren Johnson, rather than Connie Stewart, asked her to assume the position.   No record citation is offered for plaintiff's statement; however, it is immaterial who asked her to assume the  position.

SMF 12.   Nothing in plaintiff's statement or in any of the reference citations disputes the defendant's SMF that "At the time of this alleged protected activity,  Marilyn Johnson was the Associate State Director for Eastern States in Springfield, Virginia, and was neither involved in the complaints nor the subject of the allegations. Arnold 2004 Inv. Interview at p. 32; Johnson 2005 Depo. at p. 143-144."  nor does it raise any material mater in dispute.

SMF 15.  Defendant will concede that plaintiff reported directly to Ms. Johnson.

SMF 16.   Nothing in plaintiff's statement or in the reference citations disputes the defendant's  SMF that "Among the tasks which Ms. Johnson undertook after she came on board

in September 2002, was to examine the agreement which the BLM had with Langston University.  Johnson  2005 Depo. at 60:20 - 63:10"

SMF 17.  Nothing in plaintiff's statement or in the referenced citations disputes the defendant's  SMF that "The money going to Langston was taken out of BLM's budget."

SMF 18.  In this instance plaintiff says "dispute" concerning her allegations in her own deposition testimony:  "Plaintiff alleges that on  September 12, 2002, Ms. Johnson called her into her office and said "I want to talk to you about your program . . . .I want to know why you are laundering all this money to Langston."  Arnold 2005 Depo. at p. 14-15."  Nothing in the references cited disputes that plaintiff made the quoted allegation in her 2005 Deposition, and nothing cited reveals any material fact that is in dispute.

SMF  20.   The record citation to Mr. Johnson's conclusionary statement does not dispute the fact that plaintiff made an admission in her 2005 Deposition testimony:   "Plaintiff admits that the BLM is not allowed to pay for housing for any employees; but did so through Langston by having Langston give the students a stipend.  Arnold 2005 Depo at p. 17."

SMF  21.   The record citation to Mr Johnson's conclusionary statement does not dispute the fact that plaintiff   "testified that the regulation not allowing BLM to pay for housing has "been a barrier for our affirmative employment program." *Id.* at p. 18.

SMF 30.   No record reference is cited.   Plaintiff's statement does not dispute that "The program functions were not transferred to a state office." Complaint at ¶ 27.

48.  Neither plaintiff's statements at this paragraph nor the record citations dispute that "Plaintiff admits that prior to July 2003, she did not understand that the SERTS program fell within the criteria requiring approval of the ITTB.  Arnold 2007 Depo at p. 67-70.   Plaintiff did

not send anything else to Mr. Ballentyne after July 8, 2003.  *Id*. at p. 70-71."

SMF 49-53.  Plaintiff references her response number 48.   However, none of the reference citations in response 48 disputes any of plaintiff's material facts 49-53.

SMF 54-55.  Nothing in plaintiff's responses 54-55 disputes defendant's SMFs.  There are no reference citation in the first paragraph of plaintiff's response.  The  second paragraph contains citations mixed with plaintiff's conclusionary statements.  The facts in the exhibits cited are not material to plaintiff's claims and are not in dispute..

SMF 56-58.  In the exhibit referred to in plaintiff's response, "Exhibit 1, Arnold's interview statement, page  56," plaintiff's answer begins at p. 55 and  reads

> Wednesday, July 30th, 2003 she announced that she was going to restructure the Student Employment Program.   In that announcement she said that she was requesting that Marcie Brionis and Steve Shafran relocate to Washington, D.C. because she found it difficult to supervise them in the field and she could not micromanage them being out in Denver. . . .  I spoke out and said that I did not think she had given a fair assessment to the program.  She had never met with any of us to discuss the program other than me to accuse me of laundering money in the HBCU Program and the first time she ever spoke with us as a group was at the meeting on July 30th when she announced the restructuring. . . .She also announced in that meeting that she was going to bring someone in over us.  And so, I said, who might that be?   And she said, Mike Brown. And I commented, I'll be damned. . . .I said, I have a problem with you bringing someone in over us, not giving us the chance to compete for the position. . . .

*Id* at p. 55-56.  There is nothing in this testimony that reflects a genuine dispute as to material facts 56-58.    The remainder of plaintiff's response merely provides additional information. The facts in the record citations are not in dispute.

SMF 59.    Noting in the record citations in plaintiff's response disputes defendant's material fact number 59.  There is no dispute that the testimony cited in the deposition, Ex. 22 at

p. 17-24 was as it appears in the transcript.

SMF  72 - 75.  There is no record citation in plaintiff's response 72 which disputes defendant's material  facts 72-75.   There is no record citation in plaintiff's first paragraph. Plaintiff's second paragraph also contains no dispute to defendant's SMF 72-75.  Plaintiff's second paragraph references Ex. 41 and 42, which do not contradict or dispute SMF 72-74. There is no dispute that Ex. 41 is what is purports to be. There is no dispute that the referenced Ex. 42 is a memorandum expressing Ms. Stith's opinion.

Thus, plaintiff has not submitted proof by any record citation of any genuine issue of material fact as to defendant's statement of material facts.

Respectfully Submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_____/s/_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970